IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUSTINE ROSARIO, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 06-782 |
| | ) |
| v. | ) Judge McVerry |
| | ) Magistrate Judge Caiazza |
| LOUIS S. FOLINO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 11) be treated as a Motion for Summary Judgment and that it be granted.

### II. REPORT

The Plaintiff, Augustine Rosario ("Rosario" or "the Plaintiff"), is a state inmate confined at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania ("SCI-Greene"). Rosario commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging violations of his rights as protected by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Named as the Defendants are officers and employees of the Pennsylvania Department of Corrections ("DOC") at SCI-Greene.

In this civil rights action Rosario claims that Hispanic inmates are discriminated against with respect to job assignments at SCI-Greene. He further alleges that he "has filed numerous

grievances" but that they have "been ignored" (Doc. 6, at 5). Attached to the Complaint is an October 25, 2005 letter written by Rosario to Warden Folino (Id., Ex. A). At the bottom of the letter appears the Warden's response stating that a complaint had already been received, and that Captain Winfield had satisfactorily addressed the problem. The response is dated October 28, 2005. Also part of Exhibit A is a February 9, 2005 request to a staff member prepared by Rosario which reflects that a response was provided by prison staff on March 18, 2005, directing the Plaintiff to raise the issue with his counselor.

Exhibit B attached to the Complaint is an inmate request to a staff member with respect to a September 14, 2005 incident in which Rosario was issued a misconduct. Again, prison staff responded on September 18, 2005. Also part of Exhibit B is a letter Rosario received from the Department of Corrections Office of Professional Responsibility informing him that his letter had been received, and that the prison's administrative grievance process provided the proper procedure to pursue his complaint.

The Defendants have filed a Motion to Dismiss (Doc. 11) and have attached a declaration from Cindy G. Watson who attests that, although Rosario filed several grievances with respect to job assignments, he failed to appeal any of his grievances through the final level of administrative appeal (Doc. 11, Attach. 2). The Defendants now claim that this court lacks

jurisdiction over Rosario's claims since he failed to exhaust administrative remedies.

Rosario has responded to the Motion to Dismiss (Doc. 17) and argues that his attempts to exhaust the administrative appeals have been "ignored" and that he has been denied due process. He claims that his only choice was to file a civil complaint.

A.   **The Legal Standard**.

Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

Here, however, the Defendants rely upon a declaration attached to their Motion to Dismiss which recounts facts not pleaded in the Complaint. Where a defendant refers to matters outside the pleadings, its motion shall be treated as one for summary judgment. See, Fed.R.Civ.P. 12(b)(6); Camp v. Brennan, 219 F.3d 279, 280 (3d Cir.2000)(consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment). Consequently, this court will convert the Defendants' Motion into one for summary judgment, and the

standard applicable to such motions becomes relevant.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242

(1986).

## B. **The Exhaustion of Administrative Remedies**

### 1. The Applicable law.

The Defendants assert that Rosario failed to exhaust his available administrative remedies with respect to his claim that Hispanics are subjected to discriminatory treatment relating to job assignments at SCI-Greene. The applicable - and mandatory- exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies; this requirement remains mandatory even if the ultimate relief sought by the prisoner is not available through the administrative process. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)). Further, the Court of Appeals for the Third

Circuit has reaffirmed the exhaustion rule. It is insufficient for a prisoner to establish that "there is no further process available to the inmate within the grievance system (which would occur if, say, an inmate fails to file an administrative appeal)...." Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir.2004). Rather, the Spruill court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id. In short, "it is beyond the power of this court – or any other– to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted).

The Spruill court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill, 372 F.3d at 228-229. Having concluded that the PLRA includes a procedural default component, the Court stated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, then the claim is procedurally defaulted for purposes of §1997(e)(a).

2. <u>The Analysis</u>

The Defendants argue that the grievances which Rosario filed were not presented through all levels of administrative review. The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. <u>See</u> Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. <u>See</u> <u>also</u> <u>Booth v. Churner</u>, 206 F.3d 289, 293 n.2 (3d Cir.2000) (outlining the grievance review process).

In her declaration supplied in support of the Motion to Dismiss, the affiant, Ms. Watson, indicates that Rosario filed seven grievances. Of these seven, one was withdrawn, three were never appealed to the Superintendent, and the other three were not pursued to the final level of review (Doc. 11, Ex. 1, at 3).

Rosario does not contest Ms. Watson's declaration, but instead argues that his attempts to grieve his complaints were "ignored." His claim is demonstrably false. The exhibits attached to Rosario's Complaint clearly show that prison officials both received his administrative filings and responded to them in a timely fashion. Because their responses did not meet with

Rosario's approval does not mean that his complaints were ignored. Furthermore, Rosario was under an affirmative duty to present his grievances through each level of the administrative review process. Because he has clearly failed to exhaust his administrative remedies, the Defendants' Motion for Summary Judgment should be granted.[1]

### III.  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 44) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 25, 2007. Responses to objections are due by February 5, 2007.

January 9, 2007

Francis X. Caiazza
United States Magistrate Judge

---

1. Although both parties refer to the instant motion as one arising under Rule 12(b)(6), both seem to have treated it as a Motion for Summary Judgment. The Defendants refer to the Watson Declaration, a matter outside of the pleadings, and Rosario has referred to evidence he attached to his Complaint. Consequently, Rosario had ample opportunity to respond to the Defendants' Motion with exhibits or affidavits properly considered in addressing summary judgment.  If, however, the Plaintiff has other exhibits he wishes to present in opposition to the Motion, he may include them with his objections.

cc: Augustine Rosario
CB-6942
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Kemal Alexander Mericli, Esq.
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219